UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MORIANO MILLARE,

    Plaintiff,

  v.

M. VIRREY, et al.,

    Defendants.

No. 2:20-cv-1297-EFB P

ORDER

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 2.

## Application to Proceed in Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Screening Order

Plaintiff's complaint alleges the following: Plaintiff is a Muslim inmate who has participated in the CDCR religious diet program for approximately ten years. ECF No. 1 at 12. If an inmate receives two notices of non-compliance with the religious diet program, that inmate is removed from the program and allowed to reapply after six months. *Id.* at 13. Plaintiff was removed from the religious diet program on or around March 29, 2019 because he had twice been

notified that he had ordered canteen items that did not comply with the religious diet program. *Id.* at 14. Plaintiff's first notice of non-compliance cited to his purchase of seasoned shredded beef. *Id.* at 12-13. Plaintiff's second notice of non-compliance cited to his purchase of hot beef summer sausage. *Id.* at 14. On June 11, 2019, several months after his removal from the program, plaintiff received a corrected first notice of non-compliance, stating that the prior reference to "seasoned shredded beef" had been an error, and citing in its place, to plaintiff's purchase of chili with no beans. *Id.* at 18. According to plaintiff, seasoned shredded beef is a Halal item, and all of the defendants knew so. *Id.* at 22-23. Plaintiff claims it was "illegal" to alter the reasons from removing him from the religious diet program after having already removed him. *Id.* at 18-19. Plaintiff alleges that the defendants, each of whom was involved in processing plaintiff's related administrative appeals, violated his right to exercise his religion in violation of the First Amendment and his right to equal protection in violation of the Fourteenth Amendment. *Id.* at 27-29. As discussed below, plaintiff's claims cannot survive screening.

The Free Exercise Clause of the First Amendment provides, "Congress shall make no law . . . prohibiting the free exercise" of religion.[1] U.S. CONST., amend. I. An inmate's right to exercise religious practices, "may be curtailed in order to achieve legitimate correctional goals or to maintain prison security."[2] *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam).

---

[1] The complaint does not identify a claim pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Nevertheless, the court notes that under RLUIPA, "no [state or local] government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden furthers "a compelling government interest" by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). "Religious exercise" includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* § 2000cc-5(7)(A). A "substantial burden" is one that imposes a significantly great restriction or onus on religious exercise. *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034-35 (9th Cir. 2004).

[2] Four factors are relevant in determining whether a prison regulation impermissibly infringes on an inmate's constitutional rights: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally"; and (4) the "absence of ready alternatives." *Turner v. Safley*, 482 U.S. 78, 89-90 (1987) (internal quotations omitted).

Here, plaintiff does not claim that the notices of non-compliance citing to his canteen purchases of hot beef summer sausage or chili with no beans were erroneous. The complaint suggests, therefore, that plaintiff failed to comply with the terms of the religious diet program. Plaintiff's non-compliance in this regard was a valid reason for removing him from the program and plaintiff has not shown how any defendant infringed upon his right to practice his religion. To the extent plaintiff takes issue with the timing of the corrected first notice of non-compliance, any mistake in this regard is not a sufficient basis for a claim. *See Hayes v. Idaho Corr. Ctr.,* 849 F.3d 1204, 1214 (9th Cir. 2017) (citing *Lovelace v. Lee*, 472 F.3d 174, 201 (4th Cir. 2006) ("[N]egligent acts by officials causing unintended denials of religious rights do not violate the Free Exercise Clause."); *Mitchell v. Davey*, No. 1:16-cv-1148-DAD-EPG, 2020 U.S. Dist. LEXIS 88059, at *14-17 (E.D. Cal. May 19, 2020) (citing similar cases). Thus, plaintiff has failed to demonstrate how his First Amendment rights were violated.

Further, there is no basis for an equal protection claim because plaintiff does not allege that any defendant acted with an intent or purpose to discriminate against plaintiff because of his religion. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005). Plaintiff bases his claim on his allegation that other participants in the religious diet program properly receive notice of two "authentic" non-compliance violations. ECF No. 1 at 19. The error in plaintiff's first notice of non-compliance, however, is not enough to show intentional discrimination.

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his

4

rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days from the date of service of this order; and
4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: September 29, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE