1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    MORIANO MILLARE,                           Case No.  2:20-cv-01297-JDP (PC)

11                   Plaintiff,                   SCREENING ORDER

12           v.                                   ORDER THAT PLAINTIFF:

13    M. VIRREY, *et al.*,                        (1) NOTIFY THE COURT THAT HE WILL
                                                  PROCEED ONLY ON THE CLAIMS
14                   Defendants.                  SANCTIONED BY THIS ORDER AND WILL
                                                  VOLUNTARILY DISMISS ALL OTHER
15                                                DEFENDANTS AND AMEND TO REMOVE
                                                  ALL OTHER CLAIMS;
16
                                                  (2) FILE A SECOND AMENDED
17                                                COMPLAINT; OR

18                                                (3) NOTIFY THE COURT THAT HE WISHES
                                                  TO STAND BY HIS COMPLAINT, SUBJECT
19                                                TO DISMISSAL OF CLAIMS AND
                                                  DEFENDANTS CONSISTENT WITH THIS
20                                                ORDER

21                                                THIRTY-DAY DEADLINE

22                                                ECF No. 9

23

24

25          Plaintiff Moriano Millare is a state prisoner proceeding without counsel in this civil rights

26   action brought under 42 U.S.C. § 1983.  Plaintiff's initial complaint was dismissed with leave to

27   amend for failure to state a cognizable claim.  ECF No. 5.  On October 19, 2020, plaintiff filed an

28   amended complaint.  ECF No. 9.

                                                1

1   The amended complaint, like the first one, alleges that plaintiff was incorrectly assessed

2   two violations of his Islamic religious diet and removed from the program.  He alleges that his

3   rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act

4   ("RLUIPA") were violated when the five named defendants failed to reinstate him.  For the

5   reasons stated below, I find that plaintiff has stated, for screening purposes, a cognizable claim

6   against Defendant Muslim.  The other four defendants will be dismissed with leave to amend.

7                                 Screening and Pleading Requirements

8   A federal court must screen a prisoner's complaint that seeks relief against a governmental

9   entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

10  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

11  claim upon which relief may be granted, or seeks monetary relief from a defendant who is

12  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

13  A complaint must contain a short and plain statement that plaintiff is entitled to relief,

14  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

15  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

16  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

17  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

18  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

19  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

20  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

21  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264

22  n.2 (9th Cir. 2006) (en banc) (citations omitted).

23  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

24  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

25  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

26  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

27  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

28

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

A.      Background

This case involves the provision of a specialized diet to followers of the Islamic faith at Deuel Vocational Institution ("DVI"). Muslim inmates could qualify for this specialized diet, but could also be taken off the diet if they were found to have violated it by purchasing unapproved foods. According to the complaint, it was DVI's policy to remove an inmate from the diet for six months after two violations.

Plaintiff alleges that, in February of 2019, defendant Muslim—an Islamic chaplain at DVI—authored and delivered a notice that plaintiff had violated the requirements of his Islamic diet by buying seasoned shredded beef from the canteen. ECF No. 9 at 12-13. Plaintiff disputed the violation and argued that the shredded beef was designated "Halal merchandise" and appropriate for his religious diet. *Id.* at 13. Muslim was persuaded by plaintiff's argument and told him that he would not be assessed a violation for the purchase. *Id.*

In March of 2019, plaintiff's canteen account showed the purchase of a sausage—another violation of the Islamic diet. *Id.* at 13. Plaintiff claims that the purchase was for another inmate who had "expedited the process of plaintiff's canteen purchase." *Id.* at 13-14. Muslim confronted plaintiff again and told him that, as the sausage purchase was the second violation of the Islamic diet, he was removed from the program. *Id.* at 14. Plaintiff reminded Muslim that the sausage was only his first violation because the shredded beef was an approved purchase. *Id.* at 14-15. Muslim allegedly agreed and told plaintiff that he would be reinstated. *Id.* at 15.

By the end of April, however, plaintiff had not been put back on his religious diet, so he filed a grievance. *Id.* at 15. Muslim interviewed plaintiff in connection with his grievance and again agreed that his purchase of shredded beef was not a violation. *Id.* at 16. Muslim told plaintiff that his appeal would be granted and that he would be placed back on his religious diet. *Id.* In May, after his conversation with Muslim, plaintiff spoke with defendant Virrey—a Community Resource Manager at DVI—who told plaintiff that he would not be reinstated. *Id.* at

3

1    17.  Virrey told him "not to worry about it," and encouraged him to reapply to the program after

2    his six-month probationary period ended.  *Id.*

3            On an unspecified date in May, plaintiff's appeal was denied at the first administrative

4    level by defendants Muslim and Johnson—an associate warden at DVI.  *Id.* at 18.  In June of

5    2019, Muslim approached plaintiff and told him that the rationale for the denial was that there

6    was another purchase on his canteen account for chili with no beans and that this was the actual

7    first violation of the diet program.  *Id.* at 18-19.  Plaintiff asked how the chili violated his

8    religious diet, and Muslim declined to answer.  *Id.* at 19-20.  Instead, he told plaintiff that he

9    would be reinstated on the diet.  *Id.* at 20.  Muslim never made good on that promise, however.

10   *Id.*

11           Plaintiff submitted a second level appeal and, in August of 2019, that appeal was partially

12   granted by defendant Kesterson—the chief deputy warden at DVI.[1]  *Id.* at 21.  The partial grant

13   did not reinstate plaintiff's diet, however.  Instead it referred the issue to the Religious Review

14   Committee.  *Id.*  Plaintiff submitted the appeal to the third level of review where it was denied by

15   defendant Hodges—an appeals examiner captain—who found that plaintiff had not shown that

16   any laws, policies, or procedures had been violated.  *Id.* at 23.

17           B.      Discussion

18           To state a First Amendment freedom of religion claim, a prisoner must allege that prison

19   officials or regulations have restricted the free exercise of his religion and that the restrictions are

20   not "reasonably related to legitimate penological interests."  *See Shakur v. Schriro*, 514 F.3d 878,

21   883-88 (9th Cir. 2008).  And with respect to a RLUIPA claim, a prisoner must allege that "(1) he

22   takes part in a 'religious exercise,' and (2) the State's actions have substantially burdened that

23   exercise."  *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015).  Under these standards, I

24   conclude that plaintiff has stated cognizable First Amendment and RLUIPA claims against

25   defendants Muslim and Virrey for interfering with plaintiff's religious diet.

26           Plaintiff has failed, however, to state cognizable claims against defendants Kesterson,

27   _____

28   [1] Curiously, the appeal in question is attached to the complaint and appears to have been
     signed by a "Robert Burton" rather than Kesterson.  ECF No. 9 at 51-52.

Hodges, or Johnson.  These defendants are alleged only to have denied plaintiff's administrative

grievances.  Such denials do not, standing alone, amount to constitutional violations.  *See Mann v.*

*Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a

grievance procedure."); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)

("Ramirez's claimed loss of a liberty interest in the processing of his appeals does not satisfy this

standard, because inmates lack a separate constitutional entitlement to a specific prison grievance

procedure.").

          As stated in the caption, plaintiff may choose to: (1) proceed only with his claims against

Muslim and Virrey and dismiss the other defendants and claims voluntarily; (2) delay serving any

defendant and file an amended complaint; or (3) stand by this complaint and decline to dismiss

his claims against defendants Kesterson, Hodges, and Johnson voluntarily.

          Should plaintiff choose to amend the complaint,[2] the amended complaint should be brief,

Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff

of constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d

930, 934 (9th Cir. 2002).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to

relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Plaintiff must allege that each defendant personally participated in the deprivation of his rights.

*See Jones*, 297 F.3d at 934.  Plaintiff should note that a short, concise statement in which the

allegations are ordered chronologically will help the court identify his claims.  Plaintiff should

describe how each defendant wronged him, the circumstances surrounding each of the claimed

violations, and any harm he suffered.

          If plaintiff decides to file an amended complaint, the amended complaint will supersede

the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en

banc).  This means that the amended complaint must be complete on its face without reference to

the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the

---

          [2] Plaintiff may not change the nature of this suit by adding new, unrelated claims or new,
unrelated defendants in his amended complaint.  *See* Fed. R. Civ. P. 18; *George v. Smith*, 507
F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different
suits . . . .").

current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that

1.      Plaintiff's first amended complaint (ECF No. 9) states, for screening purposes, viable claims under the First Amendment and Religious Land Use and Institutionalized Persons Act against defendants Muslim and Virrey.

2.      All other claims in the complaint are not cognizable.

3.      Within thirty days plaintiff shall return the notice below advising whether: (1) he elects to proceed with the cognizable claims identified above and voluntarily dismiss the others; (2) file an amended complaint; or (3) stand by his complaint and decline to voluntarily dismiss the claims that I have found to be non-cognizable.

4.      Failure to comply with any part of this this order may result in dismissal for failure to prosecute.

IT IS SO ORDERED.


Dated:    November 17, 2020                                     _____

                                                              JEREMY D. PETERSON
                                                              UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13                          UNITED STATES DISTRICT COURT

14                    FOR THE EASTERN DISTRICT OF CALIFORNIA

15

16    MORIANO MILLARE,                           No. 2:20-cv-1297-JDP (PC)

17                 Plaintiff,

18          v.                                   NOTICE OF ELECTION

19    M. VIRREY, et al.

20                 Defendants.

21

22

23          In accordance with the court's Screening Order, plaintiff hereby elects to:

24          (1)  _____     proceed only with the claims under the First Amendment and Religious

25    Land Use and Institutionalized Persons Act against defendants Muslim and Virrey.  Selecting this

26    option obligates plaintiff to voluntarily dismiss the other claims and defendants.

27    OR

28          (2)  _____     delay serving any defendant and files an amended complaint.

7

1    OR

2        (3)  _____    proceed with his claims First Amendment and Religious Land Use and

3    Institutionalized Persons Act against defendants Muslim and Virrey, stand by his complaint, and

4    not voluntarily dismiss his other claims.  If plaintiff selects this option, the court will recommend

5    dismissal of the other, non-cognizable claims

6

7                                                    _____

8                                                    Plaintiff

9    Dated: