UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. VIRREY, *et al.*,<br><br>　　　　Defendants. | Case No.  2:20-cv-01297-JAM-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>ECF No. 41<br><br>THIRTY-DAY DEADLINE |

Plaintiff has moved for the appointment of counsel. ECF No. 41. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

1

Having considered these factors, I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here.

Accordingly, it is hereby ORDERED that plaintiff's motion for appointment of counsel, ECF No. 41, is denied without prejudice.

IT IS SO ORDERED.

Dated:   June 23, 2022                                     _____
                                                                                      JEREMY D. PETERSON
                                                                                      UNITED STATES MAGISTRATE JUDGE